```
KATHLEEN A. LEAVITT                                    E-FILED
CHAPTER 13 BANKRUPTCY TRUSTEE
711 S 4Th Street, Suite 101
Las Vegas, NV  89101
kal13mail@las13.com
Tel: (702) 853-0700
Fax: (702) 853-0713
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br>BRIAN DAVID CHRIST<br>KATIE LEE CHRIST<br><br>                    Debtor(s) | CASE NO: BKS-19-50236-BTB<br><br>CHAPTER 13<br><br>Hearing Date:    June 13, 2019<br>Hearing Time:    3:00 pm |

CHRISTOPHER PATRICK BURKE
Attorney for the Debtor

**AMENDED TRUSTEE'S OPPOSITION TO CONFIRMATION OF PLAN
#1 COMBINED WITH TRUSTEE'S RECOMMENDATION FOR DISMISSAL**

Comes now KATHLEEN A. LEAVITT, Chapter 13 Bankruptcy Trustee, in the above captioned bankruptcy case and hereby alleges as follows:

<u>**Statement of Facts**</u>

The Debtor(s) filed for Chapter 13 relief on 03/01/2019.  The Section 341(a) Meeting of Creditors held on June 11, 2019 at  1:00 pm was concluded .

<u>**Argument**</u>

The Trustee objects to confirmation of the Chapter 13 Plan and recommends that this case be dismissed pursuant to 11 U.S.C. §1307(c) for one or more of the following reasons:

- Debtor(s) is/are delinquent in plan payments.  11 U.S.C. §1307(c)(1)
- Debtor failed to file tax returns for 2017 and 2018.  11 U.S.C. §1308(a) and §1307(e).
- Plan is not feasible as required by 11 U.S.C. §1322 based on:  Greater Nevada Mortgage 1st (arrears, post petition fees, and ongoing), IRS, Greater Nevada Credit Union 2nd (need completed MMMP)

- The Plan fails to meet liquidation value [11 U.S.C. §1325(a)(4)] based on the following non-exempt property:  Misc tools and recreational vehicles.
- Debtor(s) owe(s) pre-petition arrears on an obligation to a Conduit Creditor.   Debtor(s) Plan does not comply with Local Bankruptcy Rule 3015(h) which requires Debtor(s) to make all ongoing post-petition payments through the Chapter 13 Plan as Conduit Payments for the following property:  430 Old Washoe Circle (1st and 2nd mortgage)
- Pursuant to Local Bankruptcy Rule 3015(h), Debtor(s) must demonstrate that all secured payments are current as of the date of confirmation.
- Other:  Trustee objects to the following deductions on the 122C-2:

Line 9b – Greater NV CU should be $499.23
Lines 13b & 13e – Avg montly payment should be the amount owed divided by 60.
Line 17 – not an involuntary expense.
Line 23 - $865.00 for telephone, debtors expense for basic cell phone service is $404 and does not qualify to be included here. Line 41 – actual repayment of 401k loans is $$424.00 (balance due divided by 60)
Line 43 - Expense for Maui timeshare as debtors are surrendering properties, 401k loan expenses as they are duplicative of line 41.

Plan objection: Trustee objects to no turn over of refunds in 9.2 of plan. Alternatively, debtors should adjust their withholdings and provide proof thereof so that they are accurately withholding each year.

The Plan fails to provide for all of the Debtor(s)' disposable income  pursuant to 11 U.S.C. §1325(a)(3) and (b) based on:

- Budget fails to account for any bonus the debtor may receive from his employer. Debtors each claim "additional tax" of $100 on Schedule I but it is not an actual expense, Trustee objects to the mandatory retirement contribution because it is a voluntary expense.
- Not all disposable income is being committed to the Chapter 13 Plan as Debtor(s) disposable income on Schedule J is higher than the proposed Chapter 13 Plan payment.
- The plan fails to provide for all of the Debtor(s)' disposable income as calculated on form B122C-2 Chapter 13 Calculation of Your Disposable Income, pursuant to 11 U.S.C. §1325(b).
- The current monthly income and information as reported on Form B122C-1 Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period is incorrect:
    ° Debtors' income for the CMI period is understated based on a review of the pay information. Mr's should be $10,775.53 (including truck allowance and bonus rec'd 12/2018) and Mrs's should be $4,872.55.
- Trustee objects to the following expense(s) on Form B122C-2, Chapter 13 Calculation of Your Disposable Income, as they are not allowable under 11 U.S.C. §707(b)(2)(A)(ii) and 11 U.S.C. §1325(a)- (b), and therefore Debtor(s) has/have failed to provide for all of their disposable income:
    ° Line 17 - Expense is not "involuntary",
See additional objections above.

Debtor(s) failed to cooperate with the Trustee as necessary to enable the Trustee to perform her duties pursuant to 11 U.S.C. §521(a)(3), §704 and/or §1302. This failure to cooperate has caused unreasonable delay that is prejudicial to creditors under 11 U.S.C. §1307(c)(1) as the Debtor(s) did not provide the following documents and/or amendments:

- Verification of Itemized list of hand tools and their values..
- Appraisal for property described as follows: All vehicles liste on Part 3 of Schedule B..
- Conduit Information Worksheet
- Conduit Authorization Form
- Most current statement or payment coupon received from Conduit Creditor.
- Amendment to Plan: Plan payments must commence 30 days from the date of filing, 11 USC 1326; Sect 2.3 must be corrected to match correct 122C-2 numbers; Sect 4.1 and 4.2 need to list collateral description; Sect 4.7: need to be more specific with collateral description; Plan is not feasible because conduit payments are to commence prior to the date of the first plan payment; Plan must provide for all creditors .
- Amendment to Schedule A/B Real and personal Property: Describe timeshare collaterals; List all property owned including but not limited to children's quads and Springfield firearm, tool box and all other tools (electric saw etc)..
- Amendment to Statement of Financial Affairs: need to list firearms given away or pawned in the last year (pawned 2 guns per testimony).

Finally, Trustee makes the following statements in an effort to maintain a clear record:

- Debtor should ensure that all creditors have been noticed pursuant to LR 1007(b)(5)(B).

### Conclusion

WHEREFORE, for the foregoing reasons, the Trustee objects to confirmation and recommends that this case be dismissed pursuant to 11 U.S.C. §1307(c).

Dated:  6/17/19                             /s/ Kathleen A. Leavitt
                                            Kathleen A. Leavitt
                                            Chapter 13 Trustee

```
KATHLEEN A. LEAVITT
CHAPTER 13 STANDING TRUSTEE
711 S 4Th Street
Suite 101
Las Vegas, NV  89101
```

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | CASE NO: BKS-19-50236-BTB |
| | Chapter 13 |
| BRIAN DAVID CHRIST | |
| KATIE LEE CHRIST | |
| Debtor(s) | |

**CERTIFICATE OF SERVICE**

1. On June 17, 2019, I served the following document(s):

**AMENDED TRUSTEE'S OPPOSITION TO CONFIRMATION OF PLAN #1 COMBINED WITH TRUSTEE'S RECOMMENDATION FOR DISMISSAL**

2. I served the above-named documents(s) by the following means to the persons as listed below:

**United States mail, postage fully prepaid**

| | |
|---|---|
| BRIAN DAVID CHRIST | CHRISTOPHER PATRICK BURKE |
| KATIE LEE CHRIST | 702 PLUMAS ST |
| 430 OLD WASHOE CIR | RENO, NV  89509 |
| WASHOE VALLEY, NV  89704 | |

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on: 6/17/19

/s/ Esther Carr
Employee of
Kathleen A. Leavitt
Chapter 13 Standing Trustee